**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| In Re: | ) |
| | ) |
| Verdi II, Frank William      xxx-xx-5754 | ) |
| 205 Lashae Dr. | )     No. 25-10846 C-13G |
| Reidsville, NC 27320 | ) |
| Debtor | ) |

<u>TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN</u>
<u>AND RECOMMENDATION AGAINST CONFIRMATION OF PLAN</u>

NOW COMES, Anita Jo Kinlaw Troxler, Trustee in the above-referenced plan, by and through counsel, and objects to confirmation of the plan (Docket #18) and recommends that the plan ("plan") be denied confirmation and in support shows unto the Court as follows:

1. The Debtor filed the Plan on January 14, 2026, and proposes a plan payment of $750.00 per month for one month increasing to $1000.00 per month in the second month of the plan.

2. The Trustee is unable to determine if the plan was served on all parties, including J&J Equipment, as is required under Rule 7004 of the Federal Rules of Bankruptcy Procedure.

3. The plan payment as proposed is insufficient to deal with plan debt, including tax liability, and needs to increase to at least $2300.00 per month effective with the plan payment for April 2026.

4. White Oak Creek Retreat, LLC has filed a secured claim in the amount of $414,586.83 in reference to a judgment lien against the Debtor. The Debtor has not provided direction as to this claim which is deemed allowed unless objected to.

5. The Trustee is informed that the Debtor is self-employed operating at least four different businesses including real estate/construction, consulting, contracting and real estate sales. The profit and loss statements provided by the Debtor to the Trustee purporting to show business income and expenses do not appear to reflect all income derived from all four businesses and are not properly prepared with accurately calculated sums that correspond with accompanying bank statements. Schedule I attachments do not appear to account for all business income and expenses and neither the Schedule I attachments nor Schedule J include a self-employment tax expense.  The Trustee is unable to determine from the Schedules or the profit and loss statements provided by the Debtor to the Trustee if the plan is feasible.

6. The Trustee is unable to determine if the Debtor has incurred post-petition tax liability for tax years 2025 or 2026 as the Trustee has not been provided with copies of federal and state tax returns for tax years 2025 or documentation concerning payment of self-employment tax for 2026.

7. On Schedule J the Debtor lists a monthly rental expense of $2700.00 in reference to residential property which the Trustee is informed and believes is owned by the Debtor's mother-in-law. The monthly expense exceeds the national standard for monthly rental expenses for Rockingham County at $1114.00 by a margin of 250%. The Trustee is informed and believes that the Debtor and his spouse may have access to use the rental income funds, and if correct, then the Debtor is either not actually paying rent or is using funds purportedly allocated as rent for personal use and avoiding committing all income to repaying debt. This issue, along with the failure to account for monthly self-employment tax expenses or verifying tax liability for tax years 2025 and current 2026, raises concerns about the validity and veracity of the Debtor's schedules and the Debtor's intent and ability to execute the Chapter 13 plan. The Trustee believes that the plan has not been filed in good faith.

8. The Debtor has historically incurred income tax liability. As indicated above, neither Schedule I attachments nor Schedule J account for a monthly self-employment tax expense. The Trustee believes that if the plan is confirmed that it should provide for reporting requirements to the Trustee of payment of quarterly self-employment tax deposits; monthly business income and expenses with copies of monthly bank statements for each business; and, require that the Debtor provide the Trustee with a copy of state and federal tax returns for each tax year beginning with the tax return for tax year 2025 to be received by April 30th of each year the return is due.

9. The Trustee has not been provided with sufficient evidence of business liability and errors and omissions insurance for all businesses operated by the Debtor.

10. The Trustee objects to confirmation of this plan due to service and notice issues; insufficient plan payment; claim treatment; feasibility; inability to determine if the Debtor has incurred post-petition liability; validity and veracity of Schedules of income and expenses; failure to propose the plan in good faith; reporting requirements related to the Debtor's businesses; and, failure to provide sufficient evidence of business liability and errors and omissions insurance for all businesses operated by the Debtor.

WHEREFORE, the Trustee recommends that the Court sustain the objection to confirmation of plan and deny confirmation of the plan.

Date:  March 20, 2026            s/Jennifer R. Harris
                                 Jennifer R. Harris, N.C. State Bar No.: 26857
                                 Attorney for Anita Jo Kinlaw Troxler, Trustee
                                 P.O. Box 1720
                                 Greensboro, NC  27402-1720
                                 Telephone: (336) 378-9164

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Verdi II, Frank William    xxx-xx-5754 | ) | |
| 205 Lashae Dr. | ) | No. 25-10846 C-13G |
| Reidsville, NC 27320 | ) | |
| Debtor | ) | |

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the <u>TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN AND RECOMMENDATION AGAINST CONFIRMATION OF PLAN</u> by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

FRANK WILLIAM VERDI II
205 LASHAE DR.
REIDSVILLE, NC 27320

SAMANTHA K BRUMBAUGH
PO BOX 3324
GREENSBORO NC 27402

WHITE OAK CREEK RETREAT, LLC
C/O TIMOTHY R WYATT
CONNER GWYN SCHENCK PLLC
P.O. BOX 20744
GREENSBORO, NC 27420

JOHN PAUL H. COURNOYER
BANKRUPTCY ADMINISTRATOR
101 SOUTH EDGEWORTH STREET
GREENSBORO, NC 27401

Date:  March 20, 2026

s/Jennifer R. Harris
Jennifer R. Harris, N.C. State Bar No.: 26857
Attorney for Anita Jo Kinlaw Troxler, Trustee
P.O. Box 1720
Greensboro, NC  27402-1720
Telephone: (336) 378-9164