**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Frank William Verdi, II, | ) | Case No. 25-10846 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

**OBJECTION TO CONFIRMATION OF PLAN**

The U.S. Bankruptcy Administrator, under 11 U.S.C. § 1325, objects to confirmation of the debtor's proposed plan, Doc. No. 18. The debtor was denied a discharge in a previous chapter 7 under sections 727(a)(3), (a)(4), and (a)(6). While the Bankruptcy Code nonetheless gives the debtor the opportunity to discharge the same debts under section 1328(a), section 1325(a)(3) requires his chapter 13 plan to be filed in good faith and section 1325(a)(7) requires this case to have been filed in good faith. In this chapter 13 case, the debtor has failed to adequately document his income and expenses, provide evidence of adequate insurance for his businesses and the status of post-petition tax liability, and provide for adequate business income, expense, and self-employment tax reporting in his plan. These failures demonstrate a lack of good faith both in the proposal of the debtor's plan and in the filing of this case. In support of this objection, the BA states:

1.    The debtor filed a voluntary petition under chapter 13 on December 7, 2025.

2.    The Court has jurisdiction over this case under 28 U.S.C. § 1334.

Under 28 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court by its Local Rule 83.11. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3.      The debtor filed chapter 7 case no. 24-10580 in this district on September 13, 2024.

4.      On October 8, 2024, the Defendant's bankruptcy case was randomly selected for audit by the Administrative Office of the United States Courts under 28 U.S.C. § 586(f)(1).

5.      On December 16, 2024, the audit firm filed its report and identified a material misstatement in the Defendant's bankruptcy schedules: the petition date balance of the Defendant's Bank of Oak Ridge Account was $15,536.25. Thus, the Defendant understated the value of the joint account by over $10,000.00 and understated the value of his interest in the account by over $5,000.00.

6.      The BA filed adversary proceeding 25-2001 on January 10, 2025, seeking to deny the debtor's discharge under section 727(a)(4) based on the finding of material misstatement and upon his failure to accurately disclose his employment, among other things.

7.      The debtor failed to answer the BA's complaint, and, after a hearing, the Court entered default judgment denying the debtor's discharge under section 727(a)(4) for willful and fraudulent false oath in his schedules and statements. (Doc. No. 11, AP No. 25-2001).

8.      On January 11, 2025, judgment creditor White Oak Creek Retreat,

LLC, filed adversary proceeding no. 25-2002, seeking to deny the debtor's discharge under sections 727(a)(3), (a)(4), and (a)(6), based on the debtor's failure to produce financial information, false statements in his schedules and statements, and failure to respond to the Court's order requiring production of financial information under Fed. R. Bankr. Proc. 2004. The debtor also failed to answer White Oak Creek Retreat's complaint, and the Court entered default judgment denying the debtor's discharge under section 727(a)(3), (a)(4), and (a)(6). (Doc. No. 10, AP No. 25-2002).

9.    The clerk filed a notice of denial of discharge in the debtor's chapter 7 case on July 18, 2025, and the case was closed on August 20, 2025.

10.    Less than six months later, the debtor filed this chapter 13 case, seeking to complete a plan and thereby discharge the same debts for which the Court has denied a chapter 7 discharge.

11.    The debtor's plan proposes monthly payments of $750 per month for one month, increasing to $1,000.00 for 59 months.

12.    The trustee has objected to confirmation of the debtor's plan on numerous grounds, including an inability to determine feasibility due to the debtor's failure to accurately calculate and document his self-employment income. The trustee also states that the debtor has not provided federal and state tax returns or documentation of payment of self-employment taxes. The trustee also questions the veracity of the rental expense stated on Schedule J, and notes that the debtor has not provided evidence of business liability and errors and omissions insurance for his businesses. And the plan as proposed does not impose business

reporting requirements with respect to income, expenses, and payment of self-employment tax deposits. See trustee's objection to confirmation, Doc. No. 39.

13. White Oak Creek Retreat has also objected to confirmation, Doc. No. 42, citing inconsistent and inaccurate financial disclosures and documentation of the debtor's income. The objection notes that the debtor filed this case on the eve of a civil contempt hearing in its state court case.

14. The BA incorporates the allegations of the trustee's and White Oak Creek Retreat's objections to confirmation herein.

15. Section 523(a)(10) denies a discharge under section 727, 1141, 1228(a) and (b), and 1328(b) of any debt that was or could have been listed or scheduled by the debtor in a prior case in which the debtor was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7). Section 1328(a) excepts from a general chapter 13 discharge certain debts specified in section 523(a), but section 523(a)(10) is not one of them. Thus, the debtor's attempt to discharge the White Oak Creek Retreat debt and other debts for which he was denied a chapter 7 discharge is explicitly permitted by chapter 13 and is not per se bad faith.

16. Whether a plan is proposed in good faith for purposes of section 1325(a)(3) is evaluated based on the totality of the circumstances, including consideration of factors including:

(1) percentage of proposed repayment; (2) debtor's financial situation; (3) the period of time payment will be made; (4) the debtor's employment history and prospects; (5) the nature and amount of unsecured claims; (6) the debtor's previous bankruptcy filings; (7) the debtor's honesty in representing facts; (8) the nature of debtor's pre-petition conduct that gave rise to the case; (9)

whether the debts would be dischargeable in a Chapter 7 proceedings; and (10) any other unusual or exceptional problems the debtor is facing.

*In re Ready*, 545 B.R. 501, 505 (Bankr. M.D.N.C. 2015).

17.     In evaluating whether a case was filed in good faith as required by section 1325(a)(7), courts consider factors such as "the motivation of the debtor and his or her sincerity in seeking chapter 13 relief, the debtor's degree of effort, the frequency with which the debtor has sought relief under the Code, and the circumstances under which the debtor has contracted his or her debts and has demonstrated good faith in dealing with creditors." *In re Gutierrez,* 633 B.R. 768, 802 (Bankr. S.D. Tex. 2021).

18.     In this case, the totality of the circumstances demonstrates bad faith in both the filing of the plan and the case. Chapter 13 demands complete and accurate disclosure of income and expenses, cooperation with the trustee, and full transparency about his business affairs. That the debtor has not held up his end of this bargain—especially on the heels of a chapter 7 case in which he was denied discharge by default based on incomplete and inaccurate schedules and statements—demonstrates a lack of good faith in the proposal of his plan and the filing of this case.

19.     For these reasons, the BA objects to confirmation of the debtor's plan under section 1325(a)(3) and 1325(a)(7).

THEREFORE, the BA requests that the Court enter an order:

1.     Denying confirmation of the debtor's proposed plan; and

2.      Granting such other relief as the Court deems proper.

Respectfully submitted on March 26, 2026.

JOHN PAUL H. COURNOYER
U.S. BANKRUPTCY ADMINISTRATOR

By:  /s/ Sarah D. Bruce
Staff Attorney
State Bar No. 32605
101 S. Edgeworth Street
Greensboro, NC 27401
Telephone: (336) 358-4174
Sarah_bruce@ncmba.uscourts.gov

## CERTIFICATE OF SERVICE

This is to certify that, on this date, the foregoing document was served upon the following parties or counsel by automatic CM/ECF service or by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

SERVED BY CM/ECF

Anita Jo Kinlaw Troxler, Trustee

Samantha Brumbaugh, debtor's counsel

Dated: March 26, 2026

/s/ Traci D. Galloway
Bankruptcy Paralegal